STATE OF MISSISSIPPI
Governor Tate Reeves
**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**
Commissioner Andrea A. Sanders

April 30, 2026
Honorable Tate Reeves
550 High Street
Sillers Building, 19th Floor
Jackson, MS 39201

DELIVERED VIA EMAIL

Dear Governor Reeves,

I write to ask you to exercise your authority to call a special legislative session to address the significant, detrimental consequences expected from the automatic repeal of Mississippi Code Annotated Section 43-21-261 set to take effect on July 1, 2026.

The Mississippi Legislature spent a significant amount of time and energy this past session debating structural changes to the Mississippi Youth Court system. As Commissioner of the Department of Child Protection Services (MDCPS), I was supportive of that debate, as I believe that the lack of uniformity in Mississippi's youth court system creates obstacles to achieving permanency for children in foster care. Unfortunately, in the broader discussion of creating uniformity, the Legislature failed to address several code sections that are subject to an automatic repealer, including Section 43-21-261.

Under the existing Youth Court Act, all records pertaining to youth court actions and to MDCPS's work with children and families are confidential. *See* Miss. Code Ann. §§ 43-21-251(2) (court records), 43-21-255(1) (law enforcement/delinquency records), 43-21-257(1) (agency records), and 43-21-259 (all other records involving children). The confidentiality created by statute is absolute, subject only to the exceptions listed in Section 43-21-261. The language creating blanket confidentiality is clear. In each of the sections listed above, the records "shall be kept confidential and shall not be disclosed except as provided in Section 43-21-261." *Id.*

Section 43-21-261 sets forth the persons and entities entitled to see and/or copy any record involving children and whether the youth court must issue an order permitting the disclosure of those records. The scope of the youth court's authority to issue disclosure orders is significantly limited by statute, so there is no implied judicial authority that would allow the youth court to issue a disclosure order without the permission granted by Section 43-21-261.

P.O Box 346 · 750 North State Street · Jackson, Mississippi 39205
Phone (601) 359-9669
www.mdcps.ms.gov

EXHIBIT
tabbies
1

STATE OF MISSISSIPPI
Governor Tate Reeves
**MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES**
Commissioner Andrea A. Sanders

For example, a chancellor who is hearing a custody issue in chancery court may not see any MDCPS or youth court records without a disclosure order issued by the youth court, even when that youth court is a referee court subject to the supervision of the chancellor requesting the records. *See* Miss. Code Ann. § 43-21-261(1)(c). Parents who are subject to and bound by youth court orders involving their children only have the right to access those records because Section 43-21-261(3) gives them the authority to do so. Even MDCPS's ability to disclose agency records and records involving children to the youth court with jurisdiction over the child is subject to the provisions of Section 43-21-261. Essentially, all legal proceedings involving children under MDCPS's supervision and care would grind to a halt.

More crucially for the children in MDCPS custody, MDCPS's authority to provide children's records and the information contained therein to Medicaid, children's advocacy centers, hospitals, doctors, mental health providers, schools, foster parents, relatives offering support, and even the youth courts is granted only through Section 43-21-261. MDCPS has no independent statutory authority as the legal and physical custodian of the children in its care to provide information to the network of people and agencies who partner with MDCPS to meet the basic needs of those children.

Further, the repeal of Section 43-21-261 creates confusion and contradicts other statutes requiring MDCPS to disclose information. Reports of certain types of abuse, including sexual abuse or human trafficking trigger an immediate report to law enforcement under Section 43-21-353(1), but Section 43-21-257 clearly provides that the content of that report is confidential and "shall not be disclosed except as provided in Section 43-21-261." *See* Miss. Code Ann. §§ 43-21-257 and 43-21-353(1). Reporting criminal abuse and neglect to law enforcement and criminal prosecutors is necessary to help preserve public safety. Similarly, Section 43-15-51 provides for the creation and practice of multidisciplinary child protection teams that coordinate and consult on investigations and prosecution of felony child abuse cases, but the sharing of information with that team is authorized only by Section 43-21-261(7).

Finally, the repeal of Section 43-21-261 has significant financial repercussions for MDCPS and the state. Section 43-26-17 authorizes MDCPS to cooperate with federal agencies who provide oversight and federal funding to MDCPS to carry out its mission. The ability to draw down federal funding depends on the agency's ability to demonstrate that it is compliant with the federal regulations that govern the agency. That oversight often includes review of children's files and information for auditing purposes, but without the permission granted in Section 43-21-261(22)(b),

STATE OF MISSISSIPPI
Governor Tate Reeves
MISSISSIPPI DEPARTMENT OF CHILD PROTECTION SERVICES
Commissioner Andrea A. Sanders

MDCPS has no authority to disclose those records, even to obtain the federal funding necessary to care for the children in MDCPS custody.

For better or worse, Section 43-21-261 is a crucial factor in MDCPS's ability to meet the needs of the children and families it serves. This statutory section is also a linchpin in the youth court's ability to function. I respectfully urge you to call a special session to address Mississippi Code Annotated Section 43-21-261 and any other youth court matters that you believe need immediate attention.

Sincerely,

Andrea A. Sanders

Andrea A. Sanders, Commissioner
Mississippi Department of Child Protection Services

CC: Chief Justice Michael K. Randolph
The Honorable Judge Staci Bevill
Anne Hall Brashier, Chief of Staff