**OFFICE OF STATE PUBLIC DEFENDER;**
**ANDRE DE GRUY; and JENNIFER MORGAN,**
**BRENDA LOCKE, and A. ARMAN MIRI,**
**Individually and on behalf of all others**
**similarly situated**                                           **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO. 3:26-cv-458-HTW-LGI**

**KATHARINE SURKIN, DIRECTOR OF**
**THE ADMINISTRATIVE OFFICE OF**
**COURTS, in her official capacity**                              **DEFENDANT**

---

**JOINT MOTION TO EXTEND AGREED CONTINUANCE**
**AND BRIEFING DEADLINES**

---

Plaintiffs and Defendant, collectively the "Parties," in this action hereby file this Joint

Motion to Extend the Agreed Order of Continuance (Doc. 20) and previously agreed-upon

briefing deadlines (Doc. 22). In support thereof, the Parties state as follows:

**PROCEDURAL HISTORY**

1.      Plaintiffs filed this lawsuit on June 24, 2026, seeking a temporary restraining

order and preliminary injunction, among other relief. *See* Complaint (Doc. 1); Motion for

TRO/PI (Doc. 3).

2.      This Court heard oral argument on Plaintiffs' request for a temporary restraining

order on June 26, 2026, and June 29, 2026. *See* Minute Entry (June 26, 2026); Minute Entry

(June 29, 2026).

3.     During a recess of oral argument on June 29, 2026, the Parties agreed on specific terms[1] to continue this matter through July 15, 2024, with option to further extend that continuance by subsequent agreement. To reflect that agreement, the Court entered the Agreed Order of Continuance (Doc. 20).

4.     Subsequently, the Parties submitted a proposed agreed order setting briefing deadlines on dates from July 23, 2026, to August 27, 2026. The Court entered that Agreed Order as to Briefing Deadlines (Doc. 22).

## BACKGROUND AND RECENT RELEVANT EVENTS

5.     In this action, Plaintiffs seek emergency relief in the form of a temporary restraining order and preliminary injunction due to the repeal of Miss. Code Ann. § 43-21-261 ("Section 261"), effective July 1, 2026. *See generally* Doc. 1, Doc. 3. Section 261 is the key statute within the Youth Courts code section that governs disclosure of records involving children. *See generally* Miss. Code Ann. § 43-21-261. Plaintiffs cite concerns that the Youth Court system cannot effectively operate if the statute is repealed. *See generally* Doc. 1, Doc. 3.

6.     As referenced during recent oral arguments, some youth court judges across the state responded to the repealer by entering local orders allowing for limited disclosure of youth court records from and after July 1, 2026. In turn, on June 30, 2026, the Mississippi Department of Child Protection Services filed an Emergency Petition for Writ of Prohibition in the Mississippi Supreme Court, arguing those local orders violate state law and asking the Supreme Court to stay those orders. *See* MDCPS Emergency Petition*, attached as* Exhibit A. On July 1,

---

[1] In that Agreed Order (Doc. 20), the Parties agreed that, during the continuance, the Defendant would continue operation of the Mississippi Youth Court Information Delivery System ("MYCIDS") platform and would provide notice of the Agreed Order on the Administrative Office of Courts ("AOC") website. The Parties further agreed that (1) the Agreed Order would not be construed to require Defendant or AOC to carry out any function under Miss. Code Ann. § 43-21-261 from and after July 1, 2026, on which date that statute stood repealed, and (2) by entering the Agreed Order, Defendant did not waive any available defenses or rights and expressly reserved same. *See* Agreed Order of Continuance (Doc. 20).

2026, the Supreme Court entered a stay of those local orders, but required briefing from various stakeholders on the issues raised in the Emergency Petition. *See* July 1 Order, *attached as* Exhibit B. That briefing closed on July 10, 2026. *Id.*

7. Then, on July 2, 2026, the Mississippi Supreme Court entered a Temporary Order that immediately and temporarily amended Rule 5 of the Uniform Rules of Youth Court Practice to allow disclosure of youth court records in circumstances that match those previously allowed under Section 261. *See* July 2 Temporary Order, *attached as* Exhibit C. That Temporary Order expires July 24, 2026. *Id.*

**JOINT REQUEST FOR EXTENSION OF CONTINUANCE
AND BRIEFING DEADLINES**

8. The Parties to this lawsuit have conferred on the impact of the above recent events on the issues presented in this action. The Parties agree that it is prudent and reasonable to extend the continuance of this lawsuit to allow the Parties to see whether and to what extent the Mississippi Supreme Court (or some other stakeholder) takes further action that may impact Plaintiffs' need or request for emergency relief to address the repeal of Section 261. The Parties also agree that it is prudent and reasonable to similarly extend the briefing deadlines.

9. Based on the above, the Parties file this Joint Motion and respectfully request that the Court enter an order granting the following relief:

a. Extend the Agreed Order of Continuance (Doc. 20) through and including July 27, 2026, on or after which the Parties may agree to further extend the Agreed Order of Continuance;

b. Modify the briefing schedule as follows:
- Defendant's responsive pleading to Plaintiffs' Complaint (Doc. 1): August 10, 2026;
- Defendant's response in opposition to Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction, and Class Certification (Doc. 3): August 10, 2026;

- Plaintiffs' response in opposition to Defendant's responsive pleading to Plaintiffs' Complaint (Doc. 1): August 31, 2026;
- Plaintiffs' reply in support of Motion for Temporary Restraining Order, Preliminary Injunction, and Class Certification (Doc. 3): August 31, 2026; and
- Defendant's reply in support of responsive pleading to Plaintiff's Complaint: September 14, 2026; and

c. Set a status call on or after September 14, 2026, to allow the Parties opportunity to confer with the Court on setting a mutually agreeable date for any hearing on Plaintiffs' request for preliminary injunction, if necessary.

10. The Parties do not seek this extension for purposes of delay but instead in a good faith effort to conserve the time and resources of both Parties' and of the Court.

11. Due to the straightforward nature of this Joint Motion, the Parties ask that the Court waive any requirement for a supporting memorandum of law.

12. The Parties will submit to chambers a proposed order granting this Joint Motion, for the Court's consideration.

WHEREFORE, premises considered, the Parties ask that the Court grant this Joint Motion to Extend Agreed Continuance and Briefing Deadlines as described herein and grant all further relief as the Court deems proper.

Dated: July 13, 2026

**By:**
**KATHARINE SURKIN, DEFENDANT**

*s/ Anna Little Morris*
ANNA LITTLE MORRIS (MSB #105299)
Assistant Attorney General
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi 39205-0220
(601) 359-3817
anna.morris@ago.ms.gov

*Counsel for Defendant Katharine Surkin, in her Official Capacity as Director of The Administrative Office of Courts*

**By:**
**OFFICE OF STATE PUBLIC DEFENDER, ANDRE DE GRUY, JENNIFER MORGAN, BRENDA LOCKE, AND A. ARMAN MIRI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS**

*/s/ Graham P. Carner*
GRAHAM P. CARNER (MS Bar 101523)
SPENCER CASH (MS Bar 106792)
Carner & Rosemon, PLLC
401 East Capitol Street, Suite 218
Jackson, MS 39201
601-427-8999 (ph)
769-233-8941 (fax)
graham@carnerrosemon.com
spencer@carnerrosemon.com

*/s/ Elizabeth Anne Rossi*
Elizabeth Anne Rossi (D.C. Bar No. 1500502)
*Admitted pro hac vice*
CIVIL RIGHTS CORPS
1601 Connecticut Avenue NW
Eighth Floor
Washington, DC 20009
410-935-3758
Email: elizabeth@civilrightscorps.org

*/s/ Jaqueline Aranda Osorno*
JAQUELINE ARANDA OSORNO (admitted *pro hac vice*)
ANA BUILES (admitted *pro hac vice*)
Public Justice
1620 L Street NW, Suite 630
Washington, DC
202-221-8495 (ph)
202-232-7203 (fax)
jaosorno@publicjustice.net
abuiles@publicjustice.net

*Counsel for Plaintiffs*

5

**<u>CERTIFICATE OF SERVICE</u>**

I, Anna Little Morris, Assistant Attorney General and attorney for Defendant Katharine Surkin, do hereby certify that I have this date caused to be filed with the Clerk of Court a true and correct copy of the above and foregoing via the Court's electronic case filing system, which sent notification of such filing to all counsel of record.

Dated: July 13, 2026

*/s/ Anna Little Morris*
ANNA LITTLE MORRIS